# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JANET LILLIAN SCHEUVRONT,**

    Plaintiff,

v.                                                                   **CIVIL ACTION NO.: 3:17-CV-84
(GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [ECF No. 24], entered on February 8, 2018. In his R&R Magistarate Judge Trumble recommends that the Court grant the Defendant's Motion for Summary Judgment [ECF No. 15] because the Administrative Law Judge's decision to deny the Plaintiff's claim for disability insurance benefits is supported by substantial evidence. Magistrate Judge Trumble further recommends that the Court deny the Plaintiff's Motion for Summary Judgement. ECF No. 12.

### I. Background

Janet Lillian Scheuvront ("Plaintiff") filed an application for disability insurance benefits and supplemental security income on April 8, 2014. The application was initially denied on July 25, 2014, and again upon reconsideration on October 15, 2014. The Plaintiff then requested a hearing, which was held before an Administrative Law Judge ("ALJ") on June 29, 2016. The ALJ determined that the Plaintiff was not disabled. The

Appeals Council denied the Plaintiff's request for review on June 20, 2017, and the Plaintiff timely filed her complaint in this Court on July 19, 2017. On October 12, 2017, the Plaintiff filed her motion for summary judgment. ECF No. 12. The Commissioner filed her motion for summary judgement on November 13, 2017. ECF No. 15. Thereafter, the Plaintiff filed a response to the Commissioner's motion for summary judgment on November 21, 2017. ECF No. 17. Having reviewed the parties' briefs, Magistrate Judge Trumble entered his R&R on February 8, 2018. ECF No. 21.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the R&R to which objection is made. However, failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge . . . the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012). Therefore, the Court will conduct a *de novo* review of those portions of the R&R to which a party makes new objections and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ's Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's

2

decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C. Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is not disabled at a certain step, the ALJ does not proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. Next, the ALJ determines whether the claimant has a severe impairment. Then, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity

3

("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, at step five the ALJ considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work. See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled because she is capable of performing jobs in the national economy that exist in significant numbers.

### III. Discussion

Pursuant to Magistrate Judge Trumble's R&R, as well as 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 6, objections were due within fourteen plus three days after entry of the R&R. The Plaintiff timely filed objections [ECF No. 22] and the Defendant filed a response to the objections [ECF No. 23]. Accordingly, this Court will review any portion of the R&R to which the Plaintiff makes a new objection *de novo.* The Court will review the remainder of the R&R for clear error.

In this matter, Magistrate Judge Trumble found that the administrative law judge's decision is supported by substantial evidence. Specifically, Magistrate Judge Trumble found that there is substantial evidence to support the ALJ's determination that the Plaintiff's use of a cane is not medically necessary. ECF No. 21 at 8. Accordingly, Magistrate Judge Trumble concluded that the ALJ properly found that the Plaintiff is not disabled. ECF No. 21 at 19.

The Plaintiff's first objection to the R&R is that Magistrate Judge Trumble "improperly permits the ALJ to utilize her own medical opinion to rebut the medical

4

opinions of Dr. Hawkinberry and Dr. Desai." ECF No. 22 at 1. In support of that objection, the Plaintiff argues that the ALJ disregarded the opinions of Dr. Desai and Dr. Hawkinberry, both of whom stated that the Plaintiff needed a cane. Id. at 3. However, this argument was explicitly addressed by Magistrate Judge Trumble who said, "the undersigned cannot conclude that the ALJ substituted her judgment for that of Dr. Desai and Dr. Hawkinberry. Instead, the ALJ weighed the conflicting medical evidence and made a factual finding that Plaintiff's cane is not medically necessary." ECF No. 21 at n.4. Moreover, Magistrate Judge Trumble thoroughly examined the record throughout his R&R and found that there was substantial evidence supporting the ALJ's determination that a cane is not medically necessary. While the Plaintiff argues that Magistrate Judge Trumble impermissibly bolsters the ALJ's position based on the ALJ's "common-sense observation at the hearing," Magistrate Judge Trumble does not rely on that common-sense observation in finding that the ALJ's decision is supported by substantial evidence. Accordingly, finding no clear error, this objection is **OVERRULED**.

Next, the Plaintiff argues that Magistrate Judge Trumble and the ALJ identify various daily activities that the Plaintiff attempts, but do not take into account the after effects the Plaintiff experiences from those activities. ECF No. 22 at 4. The record shows that the Plaintiff can drive a car, cook, do laundry, shop, visit with family on a daily basis, watch television, care for herself and her disabled husband, hunt, and fish. R. 28. However, the Plaintiff argues that the ALJ did not consider the "after-effects" of these daily activities. However, the Plaintiff's own statements do not indicate that she experiences significant pain following her physical activities. For example, the Plaintiff stated that she hiked 1.5 miles up the hill to go hunting and that she "was tired after but not really that

5

painful." R. 961. Another time, the Plaintiff stated that she "may have overdone it yesterday working around the house and gardening," however, the Plaintiff remarked that "in the long run, she feels that the extra activity may have helped her stay loose and move better today." R. 686. Accordingly, the record does not indicate that the Plaintiff experiences significant pain following her daily activities. Moreover, the ALJ did consider the Plaintiff's statements regarding the nature and severity of her symptoms, but found that those statements were not supported by the evidence as a whole. R. 29. Therefore, this objection is without merit and is hereby **OVERRULED**.

Accordingly, it is the opinion of the Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 21] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 12] is **DENIED** and the Defendant's Motion for Summary Judgment [ECF No. 15] is **GRANTED**. The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Defendant. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED**: March 12, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE